IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY IN ITS CAPACITY AS OWNER TRUSTEE FOR CASCADE FUNDING RM1 ACQUISITIONS GRANTOR TRUST § § § § § § § § Plaintiff, § v. § § B.B. BARR, VINIDA BARR, § § § Defendants. § | Civil Action No. 3:22-cv-00735 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Wilmington Savings Fund Society, FSB, not in its individual capacity but solely in its capacity as Owner Trustee for Cascade Funding RM1 Acquisitions Grantor Trust ("Wilmington" or "Plaintiff"), complains of B.B. Barr and Vinida Barr, Defendants, files this *Original Complaint*, and states as follows:

### I.   PARTIES

1. Plaintiff is appearing through the undersigned counsel.

2. Defendant B.B. Bar is an obligor and mortgagor under the subject loan agreement and may be served with process at 6638 Williamson Road, Dallas, Texas 75214, or such other place where he may be found.  Summons is requested.

3. Defendant Vinida Barr is a co-mortgagor under the subject loan agreement and may be served with process at 6638 Williamson Road, Dallas, Texas 75214, or such other place where she may be found. Summons is requested.

## II.  PROPERTY

4. This proceeding concerns the following real property and improvements commonly known as 6638 Williamson Road, Dallas, Texas 75214, more particularly described as:

> BEING ESTATE "F" IN BLOCK 18/2970 IN BOB-O-LINKS DOWNS NO. FOUR, AN ADDITION TO THE CITY OF DALLAS, TEXAS, ACCORDING TO THE MAP THEREOF RECORDED IN VOLUME 17, PAGE 391, MAP RECORDS, DALLAS COUNTY, TEXAS. (The "Property").

## III.  DIVERSITY JURISDICTION AND VENUE

5. This Court has jurisdiction over the controversy because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

6. Plaintiff is the trustee for a mortgage securitized trust. When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust. *Navarro Sav. Assoc. v. Lee*, 446 F. Supp. 2d 261, 263 (S.D.N.Y. 2008). Wilmington is a national banking association organized under the laws of the United States. A national banking association organized under the laws of the United States is considered a citizen of the state in which it is "located." *See* 28 U.S.C. § 1348. A national bank is located only in the state of its main office as established in the bank's article of association. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006). According to its articles of association, Wilmington's main office is located in Wilmington, Delaware and, thus, Wilmington is a citizen of Delaware.

7. Defendants are individuals and citizens of the state of Texas.

8. In this suit, Plaintiff seeks a declaratory judgment to foreclose on real property. Because the lien interest is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met.

9. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas*, 737 F.3d at 341.

10. Here, the value of the right to be protected is enforcement of a mortgage lien through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. As of March 21, 2022, the total amount due was $2,393,824.17. Therefore, the amount in controversy is more than $75,000.00.

11. Venue is proper in the Northern District of Texas, Dallas Division, because this suit concerns title to real property located in Dallas County, Texas. *See* 28 U.S.C. §§ 124, 1391(b)(2).

### IV. FACTS

12. The foregoing paragraphs are incorporated by reference for all purposes.

12. On or about June 27, 2008, for value received, B.B. Barr executed that certain Texas Cash Account Advantage Adjustable-Rate Reverse Mortgage Loan Account Disclosure Statement, Note and Agreement (the "Note") originally payable to Financial Freedom Senior Funding Corporation, a subsidiary of IndyMac Bank, F.S.B. ("Financial Freedom"), in the

maximum principal amount of $2,290,400.00 bearing adjustable interest at the initial rate of 6.9300% per annum. The Note was also signed by Borrower's spouse, Vinida Barr, in her capacity of non-borrower spouse. A true and correct copy of the Note is attached hereto as **Exhibit A**.

13. Concurrently with the Note, Borrower and his spouse, Vinida Barr, ("Borrowers") executed that certain Texas Deed of Trust (the "Security Instrument" and together with the Note, the "Loan Agreement"), as grantors, granting a security interest in the Property. The Security Instrument was recorded in the Official Public Records of Dallas County, Texas under Document Number 20080220214. A true and correct copy of the Security Instrument is attached hereto as **Exhibit B**.

14. Financial Freedom then assigned and transferred the Loan Agreement to Mortgage Electronic Registration Systems, Inc. ("MERS"). The Corporate Assignment of Deed of Trust was recorded in the Official Public Records of Dallas County, Texas under Document Number 200900280859. A true and correct copy of the Corporate Assignment of Deed of Trust is attached hereto as **Exhibit C.**

15. MERS then assigned and transferred the Loan Agreement to Onewest Bank, N.A. ("Onewest"). The Assignment of Deed of Trust was recorded in the Official Public Records of Dallas County, Texas under Document Number 201400262433. A true and correct copy of the Assignment of Deed of Trust is attached hereto as **Exhibit D**.

16. Onewest then assigned and transferred the Loan Agreement to Wilmington. The Assignment of Deed of Trust was recorded in the Official Public Records of Dallas County, Texas under Document Number 201800197462. A true and correct copy of the Assignment of Deed of Trust is attached hereto as **Exhibit E**.

17. Under the terms of the Loan Agreement, the Borrowers were required to repair, maintain, pay taxes, and assessments on, and insure the Property. The Loan Agreement further provides that should the Borrowers fail to timely pay the property taxes or maintain insurance on the Property or fail to comply with any or all of the covenants and conditions of the Loan Agreement, then the lender may require immediate payment in full of all outstanding principal and accrued interest owed on the Note. The Loan Agreement further provides that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the agreement.

18. Though Borrowers have had the use, benefit, and enjoyment of the Property, he had failed or refused to pay the outstanding balance of taxes and/or insurance on the Property. Notice of Default and Intent to Accelerate was served on Borrowers in accordance with the Loan Agreement and the Texas Property Code on July 14, 2021. In the Notice of Default, Borrowers were advised that due to the default under the Loan Agreement full payment of all sums secured by the Security Instrument were now outstanding. A true and correct copy of the Notice of Default and Intent to Accelerate is attached hereto as **Exhibit F**.

19. The default was not cured, and the maturity of the debt was accelerated. Notice of Acceleration of Loan Maturity was served on Borrowers in accordance with the Loan Agreement and the Texas Property Code on August 20, 2021. A true and correct copy of the Notice of Acceleration of Loan Maturity is attached hereto as **Exhibit G**.

20. Wilmington is the current legal owner and holder of the blank endorsed Note. Wilmington is also the beneficiary of the Security Instrument and a mortgagee as that term is defined in Section 51.002 of the Texas Property Code.

21. In accordance with Texas Rule of Civil Procedure 54, all conditions precedent have been performed or have occurred for Plaintiff to enforce its security interest against the Property. Plaintiff brings this suit to obtain an order for foreclosure.

## V. CAUSE OF ACTION: NON-JUDICIAL FORECLOSURE

22. The foregoing paragraphs are incorporated by reference for all purposes.

23. As the current mortgagee of record who has the right to enforce the Note and Security Instrument, Plaintiff asserts a cause of action for non-judicial foreclosure against defendants. The Loan Agreement is a contract, and Plaintiff fully performed its obligations under it. Borrowers, however, did not comply with the Loan Agreement by failing to substantially perform material obligations required under its terms. Therefore, Plaintiff seeks a judgment allowing it to foreclose on the Property in accordance with the Security Instrument and Texas Property Code § 51.002.

## VI. CONDITIONS PRECEDENT

24. The foregoing paragraphs are incorporated by reference for all purposes.

25. All conditions precedent for foreclosure have been performed or have occurred, and any other action required under applicable law and the loan agreement, contract, or lien sought to be foreclosed has been performed.

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be summoned to appear and answer, and that the Court enter judgment granting: a declaration that Plaintiff's lien against the Property shall be enforced by non-judicial foreclosure under Security Instrument's power-of-sale provision and the Texas Property Code or, alternatively, by judicial

foreclosure. Plaintiff further requests attorneys' fees and costs of suit as a further obligation on the Note, and all other relief, in law and in equity, to which it is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
MARK D. CRONENWETT
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

VIVIAN N. LOPEZ
State Bar No. 20818
vlopez@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

**ATTORNEYS FOR PLAINTIFF**