



B. B. Barr
Vinida Barr
6638 Williams Road
Dallas, TX 75214
Telephone: 214-808-0832
Email: tlc@airmail.net

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY IN ITS CAPACITY AS OWNER TRUSTEE FOR CASCADE FUNDING RMI ACQUISITIONS GRANTOR TRUST<br><br>    Plaintiff,<br><br>v.<br><br>B. B. BAR, VINIDA BARR,<br><br>    Defendants. | Civil Action No. 3:22-cv-00735 |

## MOTIONS AND ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

B.B. BARR AND VINIDA BARR ("Barr" or "Defendants") file this, their Answer to Plaintiff's Original Complaint ("Complaint") (Doc. 1), and would show the Court the following:

### I.
### Rule 12(b) Motions

1.      It is possible that the Court lacks diversity jurisdiction because of the absence of necessary parties including prior Note owners (who still have an ownership interest in the Note) and the citizenship of prior or current mortgage servicers for whose accounts Plaintiff are

---

ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT                      Page 1 of 6

responsible. Defendants need discovery to resolve their right to contest diversity per Rule 12(b)(1) and 12(b)(7).

2. For the same reason, Plaintiff failed to join parties including Onewest, NA and Financial Freedom Service Funding Corporation and their servicers which requires joinder per Rule 19 of the Federal Rule of Civil Procedure 12(b)(7).

3. Due to the material defects in Plaintiff's ownership of its exhibits as detailed below, Plaintiff has failed to state a cause of action on which relief can be granted pursuant to FRCP 12(b)(6).

## II.
## Summary of the Reponses

1. Plaintiff is not entitled to foreclose our homestead or to a declaratory judgment allowing a foreclosure under Texas Property Code § 51.002; Texas Rule of Civil Procedure 736, or Section 50(a)(7) of the Texas Constitution.

2. There are several defects and gaps in Plaintiff's Exhibits A-E (the "Loan Documents") that preclude Plaintiff's alleged right to foreclose.

3. Additionally, we complied and tendered compliance or substantial compliance with one or more of the cure options in Plaintiff's Exhibit F.

4. Finally, the Deed of Trust on which Plaintiff relies is fatally defective due to its failure to convey the title to the Property to a Trustee.

## III.
## Answer

1.-3. Barr admits Plaintiff's party allegations in paragraphs 1 through 3 of the Complaint.

4. Barr admits Plaintiff's property allegations in paragraph 4 of the Complaint.

5. Barr denies the diversity allegations in paragraphs 5 of the Complaint.

6. Barr is without sufficient knowledge or belief as to Plaintiff's allegations in paragraph 6 of the Complaint and expects to and objects/denies any legal conclusions therein.

7. Barr admits paragraph 7 of the Complaint.

8. Barr admits what plaintiff seeks in paragraph 8 of the Complaint; denies Plaintiff's right to any declaratory relief or that Plaintiff qualifies for declaratory relief.

9. Barr is without sufficient knowledge or belief as to Plaintiff's allegations in paragraph 9 of the Complaint and expects to and objects/denies any legal conclusions therein.

10. Barr denies paragraph 10 of the Complaint.

11. Barr is without sufficient knowledge or belief as to Plaintiff's allegations in paragraph 11 of the Complaint and expects to and objects/denies any legal conclusions therein.

12. No response is necessary to paragraph 12.

12[Sic]. Barr admits the factual allegations in paragraphs 12[sic] of the Complaint.

13. Barr admits the factual allegations in paragraph 13; except Barr does not currently have sufficient information to admit or deny that an enforceable security interest resulted in Plaintiff's property. Barr excepts to that portion of Paragraph 13 of the Complaint.

14. Barr is without sufficient information to admit or deny; but admit the document described was recorded, otherwise Barr denies paragraph 14 of the Complaint.

15. Barr is without sufficient information to admit or deny; but admit the document described was recorded, otherwise Barr denies paragraph 15 of the Complaint.

16. Barr is without sufficient information to admit or deny; but admit the document described was recorded, otherwise Barr denies paragraph 16 of the Complaint.

17. Barr excepts as to the legal conclusions and is without sufficient information to admit or deny paragraph 17 of the Complaint.

18. Barr admits that Exhibit F is a true and correct copy; but denies that it is accurately described in Plaintiff's paragraph 18 of the Complaint which omits the cure rights given to Barr.

19. Barr denies that cures were not tendered and denies that Plaintiff effectively accelerated the Note, but admits that Exhibit G is a correct copy described in Plaintiff's paragraph 19 of the Complaint.

20. Barr is without sufficient information to admit or deny paragraph 20 of the Complaint but denies that Wilmington is the beneficiary of an enforceable Deed of Trust on our home.

21. Barr denies paragraph 21 of the Complaint.

22. No response is necessary to paragraph 22 of the Complaint.

23. Barr denies paragraph 23 of the Complaint.

24. Barr denies paragraph 24 of the Complaint.

25. Barr denies paragraph 25 of the Complaint.

IV

**Equitable Breaches**

1. The Default asserted by Plaintiff arises from advances made by prior lenders for property taxes. Through their servicers, these lenders agreed to loan funds for direct property tax payments. A subsequent servicer purported to rescind the agreement and we reached an agreement to pay monthly installments for taxes without waiving our right to compel the servicer and lender compliance with these agreements.

2. One of several of Plaintiff's prior servicers then purported to cancel our installment payment agreement and tried to accelerate the note (that had never been endorsed to Plaintiff).

3. They then refused to communicate with us or our purchaser who offered to buy our property for 95% of fair market value. Notwithstanding that they repeated their offer in demand letters and conferences. Every time we tried to communicate; we were ignored then shifted from person to person; then servicer to servicer.

4. Thereafter, Plaintiff filed a lawsuit in the 193rd District Court of Dallas County seeking an order for foreclosure under Texas Rule of Civil Procedure 736.

5. When the State court was presented with just a few of the issues outlined above, Plaintiff was ordered to mediate with Defendants.

6. Instead, Plaintiff continued its stonewalling, eventually filing a non-suit, then refiling its claims in this case.

7. Plaintiff has directed its servicers to refuse to cooperate and to frustrate Defendants attempts to cure any alleged pre-acceleration defaults (and post supposed acceleration).

8. This coincided with a real estate market prediction of dramatic property value increases.

9. Defendants are 84 and 71 years old and B.B. Barr is in poor health having been recently hospitalized again.

10. We respectfully request the opportunity to pay the pre-acceleration deficiency of $100,060.31 or to sell our house at 95% of its value in 2019-2020 when the servicer proposed it and thereafter began to frustrate and ignore out compliance.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Respondents pray:

1. that Petitioner's Application be denied;

2. that Respondents have such other and further relief, both general and special, at law and in equity, to which it may be justly entitled; and

3. that Respondents recover their costs.

Respectfully submitted,

By: _____
Name: B. B. Barr
Address:   6638 Williamson Road
           Dallas, TX 75214
Telephone: 214-808-0832
Email:     tlc@airmail.net

By: _____
Name: Vinida Barr
Address:   6638 Williamson Road
           Dallas, TX 75214
Telephone: 214-808-0832
Email:     tlc@airmail.net

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of April, 2022 a true and correct copy of the foregoing document was transmitted via facsimile or U.S. Mail, certified mail, return receipt requested, to counsel for Plaintiff:

MACKIE WOLF ZIENTZ & MANN, P.C.
Mark D. Cronenwett
14160 Dallas Parkway, Suite 900
Dallas, TX 75254

_____
B. B. Barr