IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, not in its individual capacity but solely in its capacity as Owner Trustee for Cascade Funding RM1 Acquisitions Grantor Trust, | § § § § § § | |
| Plaintiff, | § § | No. 3:22-cv-735-S-BN |
| V. | § § | |
| B.B. BARR and VINIDA BARR, | § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Wilmington Savings Fund Society, FSB, not in its individual capacity but solely in its capacity as Owner Trustee for Cascade Funding RM1 Acquisitions Grantor Trust ("Wilmington") has filed an unopposed Motion to Substitute Party Plaintiff. *See* Dkt. No. 21.

For the reasons and to the extent explained below, the Court grants the Motion to Substitute Party Plaintiff.

**Background**

This case concerns Wilmington's attempt to foreclose on the Barrs' property in Dallas, Texas (the "Property"). The Barrs executed a Note and a Deed of Trust securing it on June 27, 2008 (collectively the "Loan Agreement"). *See* Dkt. No. 1-1 at 12, 28. Through a series of assignments and transfers, Wilmington became the assignee of the Loan Agreement on June 19, 2018. *See* Dkt. No. 1-1 at 49-56.

On September 1, 2022, Wilmington assigned and transferred the Loan Agreement to Wilmington Savings Fund Society, FSB, not in its Individual capacity but solely as Owner Trustee for Cascade Funding Mortgage Trust 2018-RM1 ("Wilmington as Trustee for Cascade 2018-RM1"). *See* Dkt. No. 21 at 1.

Wilmington then filed this Motion to Substitute Party Plaintiff to substitute Wilmington as Trustee for Cascade 2018-RM1 for Wilmington as Plaintiff. *See* Dkt. No. 21.

## Legal Standard and Analysis

Federal Rule of Civil Procedure 25(c) states that, "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." FED. R. CIV. P. 25(c). "Under Rule 25(c), the court may direct that the person to whom the interest has been transferred be substituted." *Matter of Covington Grain Co., Inc.*, 638 F.2d 1357, 1361 (5th Cir. 1981). "Rule 25(c) is not designed to create new relationships among parties to a suit but is designed to allow the action to continue unabated when an interest in the lawsuit changes hands." *Matter of Covington Grain Co., Inc.*, 638 F.2d 1362, 1364 (5th Cir. 1981).

"Rule 25(c) includes permissive language, and does not require transferees to substitute in an action." *F.D.I.C. v. SLE, Inc.*, 722 F.3d 264, 268 (5th Cir. 2013). "[T]he district court has broad discretion to order substitution, deny substitution, or direct that the transferee be joined as an additional party." *Finova Capital Corp. v. Lawrence*, No. 399CV2552-M, 2000 WL 1808276 at *1 (N.D. Tex. Dec. 8, 2000).

Whether the substitution will simplify the case is a primary consideration in deciding a motion to substitute. *See Virginia Innovation Scis., Inc. v. Amazon.com, Inc.*, No. 4:18-CV-474, 2019 WL 3082314 at *4 (E.D. Tex. July 15, 2019).

The United States Supreme Court has "consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). The United States Court of Appeals for the Fifth Circuit explained its understanding of *Freeport-McMoRan* in *Cobb v. Delta Exports, Inc.*: "[D]iversity jurisdiction is not defeated by the substitution of a non-diverse party. The Court limited its holding to dispensable parties, noting that if the party that was added had been indispensable when suit was filed, the addition of the non-diverse party would have defeated diversity jurisdiction." 186 F.3d 675, 679 (5th Cir. 1999).

Federal Rule of Civil Procedure 19 "lists four factors for courts to consider in deciding whether a party is indispensable: 1) prejudice to an absent party or others in the lawsuit from a judgment; 2) whether the shaping of relief can lessen prejudice to absent parties; 3) whether adequate relief can be given without participation of the party; and 4) whether the plaintiff has another effective forum if the suit is dismissed." *Cornhill Ins. PLC v. Valsamis, Inc.*, 106 F.3d 80 (5th Cir. 1997).

Here, Wilmington does not allege the citizenship of Wilmington as Trustee for Cascade 2018-RM1. But, at the time of filing, the litigants could have been given adequate relief without the participation of Wilmington as Trustee for Cascade 2018-RM1. It had no interest in the Loan Agreement at that time. And so it was not an

indispensable party. Because it was not an indispensable party, diversity jurisdiction will not be defeated by substituting Wilmington as Trustee for Cascade 2018-RM1, whether or not it is a non-diverse party.

And substituting Wilmington as Trustee for Cascade 2018-RM1 will simplify the case. It will make the assignee of the Loan Agreement the plaintiff, allowing the litigation to proceed between the parties with an interest in the Loan Agreement: Wilmington as Trustee for Cascade 2018-RM1 and the Barrs.

## Conclusion

For the reasons stated above, the Court GRANTS Plaintiff's Motion to Substitute Party Plaintiff. *See* Dkt. No. 21. The Court ORDERS that Wilmington Savings Fund Society, FSB, not in its Individual capacity but solely as Owner Trustee for Cascade Funding Mortgage Trust 2018-RM1 is substituted under Federal Rule of Civil Procedure 25(c) for Wilmington Savings Fund Society, FSB, not in its individual capacity but solely in its capacity as Owner Trustee for Cascade Funding RM1 Acquisitions Grantor Trust for all purposes of this litigation, including as named plaintiff.

SO ORDERED.

DATED: February 1, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE