IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY IN ITS CAPACITY AS OWNER TRUSTEE FOR CASCADE FUNDING MORTGAGE TRUST 2018-RM1, | § § § § § § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:22-cv-735-S-BN |
| B.B. BARR and VINIDA BARR, | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from the presiding judge. *See* Dkt. No. 4.

Plaintiff Wilmington Savings Fund Society, FSB, not in its Individual capacity but solely as Owner Trustee for Cascade Funding Mortgage Trust 2018-RM1 ("WSFS") has filed a Motion for Final Summary Judgment. *See* Dkt. No. 27.

Defendants B.B. Barr and Vinida Barr ("the Barrs") did not file a response.

The undersigned now issues the following findings of fact, conclusions of law, and recommendation that the Court should grant WSFS's Motion for Final Summary Judgment [Dkt. No. 27].

## Background

This case concerns the loan servicing and attempted foreclosure of the Barrs' property in Dallas, Texas (the "Property"). Barr executed a note (the "Note") payable to Financial Freedom Senior Funding Corporation, a subsidiary of IndyMac Bank, F.S.B. ("Financial Freedom") on or about June 27, 2008. *See* Dkt. No. 1 at 3. The Note was also signed by Vinida Barr in her capacity as non-borrower spouse. *See id.* at 4. The Barrs executed a deed of trust ("the Deed of Trust") the same day. *See id.* The Deed of Trust gave Financial Freedom a security interest in the property. *See id.*

Financial Freedom assigned and transferred the Note and the Deed of Trust (collectively the "Loan Agreement") to Mortgage Electronic Registration Systems, Inc. ("MERS"). *See* Dkt. No. 1-1 at 49. MERS then assigned and transferred the Loan Agreement to Onewest Bank, N.A. ("Onewest") on September 3, 2014. *See id.* at 52. Onewest then assigned and transferred the Loan Agreement to WSFS on June 19, 2018. *See id.* at 55. PHH Mortgage Services Corporation is the servicer of the loan agreement. *See* Dkt. No. 28 at 4.

Barr subsequently defaulted on the Loan Agreement by failing or refusing to pay the outstanding balance of insurance on the Property. *See id.* at 5.

On July 14, 2021, WSFS sent the Barrs a notice of default, informing the parties that the loan was in default and that they would accelerate the loan if the default was not cured. *See id.* Counsel for WSFS sent the Barrs a notice of acceleration on August 20, 2021. *See id.*

To enforce foreclosure on the Property, WSFS filed suit in federal court. *See id.*

at 2. WSFS then filed this Motion for Final Summary Judgment. *See* Dkt. No. 27.

WSFS argues that foreclosure is proper because the Barrs defaulted on the 2008 loan and WSFS notified the Barrs of the default and acceleration. *See* Dkt. No. 28 at 5. Under the terms of the Loan Agreement, the Barrs were required to repair, maintain, pay taxes, and assessments on, and insure the Property. *See id.* at 4. WSFS claims that the Barrs defaulted on the Loan Agreement by failing or refusing to pay the "outstanding balance of taxes and/or insurance on the Property." *Id.* at 5. And WSFS argues that foreclosure should be authorized because WSFS is the owner and holder of the Note and beneficiary of the Security Instrument. *See id.* at 9-10. WSFS finally argues that WSFS is entitled to attorneys' fees and that the Barrs' allegations regarding "agreements to modify the terms of the Loan Agreement" are barred by the statute of frauds. *See id.* at 10-11.

The Barrs filed no response.

**Legal Standards**

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or

defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the

allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue

for trial." (internal quotation marks and footnote omitted)). "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks omitted).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott*, 550 U.S. at 380 (internal quotation marks and emphasis omitted). And, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of

ruling on a motion for summary judgment." *Id.*

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (footnote and internal quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380 (internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*,780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden.

*Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g., Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

## Analysis

I.  Effect of Failing to File a Response to a Motion for Summary Judgment

In a Notice of No Objection to Plaintiff's Motion for Final Summary Judgment, WSFS reports that "[n]o objections were filed by Defendants within the prescribed time" and, "[a]ccordingly, at this point the Court can grant Plaintiff's MSJ as unopposed." Dkt. No. 31 at 1.

Fifth Circuit authority does not support this suggested approach.

When a non-moving party files a response to a motion for summary judgment and fails to include an argument about a claim, defense, or theory that the motion seeks to have the Court dismiss with prejudice, the Court may determine that the nonmoving party has abandoned the unaddressed claim, defense, or theory. *See Harris v. City of Schertz*, 27 F.4th 1120, 1123 (5th Cir. 2022); *Vela v. City of Houston*, 276 F.3d 659, 678-79 (5th Cir. 2001); *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1163-64 (5th Cir. 1983); *accord Maynard v. PayPal, Inc.*, No. 3:18-cv-259-D, 2019 WL 3552432, at *3 (N.D. Tex. Aug. 5, 2019) ("A party may abandon its claim when it fails

to pursue the claim beyond the complaint. *See, e.g., Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006); *Vela v. City of Houston*, 276 F.3d 659, 678-79 (5th Cir. 2001); *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1163-64 (5th Cir. 1983).").

In the published decisions in this line of Fifth Circuit cases supporting a district court's authority for finding claims or theories abandoned, the nonmoving party filed a response to the motion for summary judgment. *See Harris*, 27 F.4th at 1122-23; *Vela*, 276 F.3d at 678-79; *Scales v. Slater*, 181 F.3d 703, 708 n.5 (5th Cir. 1999); *Vaughner v. Pulito*, 804 F.2d 873, 878 n.2 (5th Cir. 1986); *Batterton v. Tex. Gen. Land Off.*, 783 F.2d 1220, 1224-25 (5th Cir. 1986); *Hargrave*, 710 F.2d at 1163-64.

But, when a nonmoving party does not file any response to a motion for summary judgment, the "failure to respond does not permit the court to enter a 'default' summary judgment." *Boyd v. Fam. Dollar Stores of Texas, LLC*, No. 3:22-cv-1368-D, 2023 WL 4141052, at *1 (N.D. Tex. June 22, 2023).

As the United States Court of Appeals for the Fifth Circuit has explained,

> [a] motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. *John v. La. (Bd. of Trustees for State Colleges & Universities)*, 757 F.2d 698, 709 (5th Cir.1985). The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed. *Id.* at 708. Therefore, if the district judge's decision was to grant summary judgment solely because of a default, such decision constituted reversible error.

*Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985); *accord Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 & n.3 (5th

Cir. 1995) (explaining that the district "court granted Appellee's motion for summary judgment on alternative grounds," including, "[f]irst, in accordance with the local rule, the court granted the motion as unopposed," and that "[w]e have previously disapproved of granting summary judgment on this basis" but that, "because the district court addressed the merits of the motion as an alternative holding, we need not reverse").

The rationale underlying these two lines of authority appears to be that the nonmovant must – at least by affirmatively filing a response – take some action to be considered to have abandoned a claim, theory, or defense. And, by dismissing claims under Federal Rule of Civil Procedure 56 based on only a nonmovant's lack of action at all (that is, not filing a response), a district court would be improperly dismissing with prejudice without the findings or factual support required under either Rule 56 or Federal Rule of Civil Procedure 41(b) for such a dismissal. *See Hibernia*, 776 F.2d at 1279; *John*, 757 F.2d at 707-10.

And, even if these two lines of authority cannot be reconciled with this bright-line distinction, "[t]he rule in this circuit is that where two previous holdings or lines of precedent conflict the earlier opinion controls and is the binding precedent in this circuit (absent an intervening holding to the contrary by the Supreme Court or this court en banc)." *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 n.8 (5th Cir. 2006); *accord United States v. Sanchez-Pena*, 336 F.3d 431, 444 n.62 (5th Cir. 2003) ("When faced with conflicting panel opinions, the earlier controls our decision." (cleaned up)). This suggests that the published decisions cited and relied on in *John*, 757 F.2d at

707-10, which appear to predate any decisions setting forth the abandonment doctrine, would – at least where a nonmovant has not filed any response to a motion for summary judgment – control.

Under these governing authorities, the Court cannot grant Plaintiff's Motion for Final Summary Judgment [Dkt. No. 27] solely because the Barrs failed to a response in opposition to the motion.

But, under Rule 56 and the governing law,

"[a] summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence," *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Moreover,
> [i]f a party fails ... to properly address another party's assertion of fact as required by Rule 56(c), the court may ... (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is – entitled to it[.]

FED. R. CIV. P. 56(e)(2), (3).

*Boyd,* 2023 WL 4141052, at *1.

Here, the pleadings are not verified, and so Barr has presented no summary judgment evidence. And "a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Bryan v. Cano*, No. 22-50035, 2022 WL 16756388, at *4 (5th Cir. Nov. 8, 2022) (cleaned up); *accord Bustos v. Martini Club Inc.*, 599 F.3d 458, 468-69 (5th Cir. 2010) (although "a district court may not grant a motion for summary judgment merely because it is unopposed," "[t]he defendants submitted competent summary judgment

evidence showing that there were no genuine issues of fact for trial," and the plaintiff "did not respond to the motion for summary judgment in the district court and therefore failed to carry his burden of showing that material factual issues existed" and so "cannot now assert that the district court's reliance on defendants' uncontested evidence was improper" (cleaned up)); *Williams v. Sake Hibachi Sushi & Bar, Inc.*, No. 3:18-cv-517-D, 2020 WL 3317096, at *6 (N.D. Tex. June 18, 2020) ("As stated above, although the court is not permitted to enter a 'default' summary judgment, the court is allowed to accept the evidence adduced by plaintiffs as undisputed and may grant summary judgment if the motion and supporting materials show plaintiffs are entitled to it.").

    II.    **WSFS is entitled to summary judgment on the foreclosure claim.**

WSFS asserts a cause of action of "non-judicial foreclosure." Dkt. No. 1 at 6. While some courts have found that this is not a viable claim, "a majority of courts … appear to cut in favor of reading a breach of contract claim into a judicial foreclosure claim, where only the latter is pleaded." *Ocwen Loan Servicing, LLC v. Kingman Holdings, LLC*, No. 3:18-cv-1197-S, 2019 WL 3802167, at *5 (N.D. Tex. May 31, 2019). While WSFS does not plead a breach of contract claim in the complaint, it does mention that the note is a contract and addresses a breach of contract claim in its Motion for Final Summary Judgment in the section on attorney's fees. *See* Dkt. No. 1 at 6; Dkt. No. 28 at 10.

And so the Court should treat the request for non-judicial foreclosure as containing a breach of contract claim, and the undersigned will analyze it under that

framework.

A. WSFS meets elements required for non-judicial foreclosure.

In Texas, to foreclose under a security instrument with a power of sale, the lender is required to show that: (1) a debt exists; (2) the debt is secured by a lien created under Texas law; (3) the borrower is in default under the note and security instrument; and (4) the borrower has been properly served with notice of default and acceleration. *See Singleton v. U. S. Bank Nat'l Ass'n*, No. 4:15-cv-100-A, 2016 WL 1611378, at *7 (N.D. Tex. Apr. 20, 2016) (citation omitted).

First, there is no dispute that a debt exists. *See* Dkt. No. 28 at 5. Under the terms of the Loan Agreement, the Barrs were required to repair, maintain, pay taxes, and assessments on, and insure the Property. *See id.* at 4. But the Barrs failed or refused to timely pay in full all taxes due on the Property. *See id.* at 8. As a result, the Barrs defaulted on the Loan Agreement. *See id.*

Second, the Barrs executed the Texas Deed of Trust ("Security Instrument"), granting Freedom Financial, and its successors and assigns, a lien on the Property to secure the debt. *See id.* at 8.

Third, there is no dispute that the Barrs are in default of the 2008 loan. WSFS has shown that the 2008 loan was past due on July 14, 2021. *See* Dkt. No. 1-1 at 59. And, so, the Barrs are in default.

Fourth, the summary judgment evidence shows that WSFS gave the Barrs the requisite notice.

"Under Texas law, a lender may not foreclose on a debt without providing both

a notice of intent to accelerate and a notice of acceleration." *Colbert v. Wells Fargo Bank, N.A.*, 850 F. App'x 870, 875 (5th Cir. 2021) (citing *Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 234 (Tex. 1982)). "After the requisite notice of intent is provided, notice of acceleration may take the form of the filing of an expedited application for foreclosure." *Alcala v. Deutsche Bank Nat'l Tr. Co. for Long Beach Mortg. Loan Tr. 2006-5*, 684 F. App'x 436, 438 (5th Cir. 2017).

WSFS sent notice to the Barrs on July 14, 2021 that the 2008 loan was in default. *See* Dkt. No. 28 at 5. The notice included the total due, stated what actions the Barrs had to take to cure the default, and warned that if they failed to cure, WSFS intended to accelerate. *See id.* The default was not cured. *See id.* On August 20, 2021, WSFS notified the Barrs that the maturity of the debt was now accelerated. *See id.*

B. The Barrs breached the contract by defaulting on the loan.

The promissory note is a "written contract between the signatories." Dkt. No. 28 at 7; *see also Express Working Cap., LLC v. One World Cuisine Grp.*, LLC, No. 3:15-cv-3792-S, 2018 WL 4214349, at *4 (N.D. Tex. Aug. 16, 2018). Under Texas law, to succeed on a breach of contract claim, the plaintiff must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *See Smith Intern., Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007).

There is no dispute that the Loan Agreement is a valid contract nor that WFSF fulfilled its requirements under its terms and the Texas Property Code. *See* Dkt. No.

28 at 7-8. WFSF, "through its predecessor, performed under the terms of the Note through its initial disbursement to the Barrs of $1,145,200.00 and by agreeing to lend up to a total of $2,290,400.00." *Id.* at 7.

The Loan Agreement allowed the lender to receive immediate payment in full if the Barrs did not pay property taxes or maintain insurance on the property. *See id.* at 4. The Barrs did not cure the default and, as of March 1, 2023, remained in $2,566,435.44 of debt. *See id.* at 5.

WSFS has adequately shown quantifiable damages by including the payment history of the Barrs and showing the balance owed on the loan. *See* Dkt. 91-1 at 60-61; *U.S. Bank Nat'l Ass'n as Tr. for Citigroup Mortg. Loan Tr., Inc. 2006-NC2, Asset Backed Pass Through Certificates Series 2006-NC2 v. Borunda*, No. EP-15-cv-109-PRM, 2016 WL 11578522, at *4 (W.D. Tex. Apr. 18, 2016) (finding the plaintiff had not shown damages with a reasonable degree of certainty necessary for breach of contract when they did not include any records of the defendants' payment history or records showing there was a specific and certain balance owing on the loan).

And, so, the undersigned concludes that the Barrs breached the contract.

Because there are no material issues of fact and WSFS has shown beyond peradventure that every essential element of their claim is met, the Court should grant WSFS's Motion for Final Summary Judgment.

 III. WSFS is entitled to proceed with foreclosure as the proper party to enforce the remedies afforded to the Lender.

The Court should grant WSFS's Motion for Final Summary Judgment because

WSFS is the proper party to enforce the remedies afforded to the Lender under the terms of the Loan Agreement.

Under the Texas Property Code, a party has standing to initiate a nonjudicial foreclosure sale if the party is a mortgagee. *See* TEX. PROP. CODE §§ 51.002, 51.0025. A mortgagee includes the grantee, beneficiary, owner, holder of a security instrument, such as a deed of trust, or "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." *Id.* § 51.0001(4), (6).

Even if a party does not have a recorded interest in a security instrument, the party may still have standing to foreclose if the party is the holder or owner of a note secured by the instrument. *See EverBank, N.A. v. Seedergy Ventures, Inc.*, 499 S.W.3d 534, 538 (Tex. App. – Houston [14th Dist.] 2016, no pet.). This rule derives from the common law maxim, now codified in Texas, that "the mortgage follows the note." TEX. BUS. & COM. CODE § 9.203(g).

But, here, WSFS qualifies as a "mortgagee" under Chapter 51 of the Texas Property Code. TEX. PROP. CODE § 51.0025; *see* Dkt. No. 28 at 9. There is no dispute that WSFS was the last assignee of record of the Deed of Trust. *See* Dkt. No. 28 at 9. And, so, it has been shown that WSFS was the owner or holder of the Note. *See id.* And WSFS can properly bring this claim.

IV.   WSFS is entitled to reasonable attorneys' fees.

The Court should grant WSFS its reasonable attorneys' fees in accordance with the Note, Deed of Trust, and § 51.002 of the Texas Property Code.

As a part of its foreclosure claim, WSFS seeks recovery of its reasonable and necessary attorneys' fees "to enforce the power of sale in the Security Instrument through foreclosure of the Property" and asserts that it "entitled to an award of its attorney fees as an obligation of the Loan Agreement to be recovered against the Property and not as a personal judgment." Dkt. No. 28 at 10.

Texas law applies to an award of attorneys' fees in diversity cases such as this one. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Under Texas law, attorneys' fees may be recovered pursuant to mortgage contracts. *See Richardson v. Wells Fargo Bank, Nat. Ass'n*, 740 F.3d 1035, 1040 (5th Cir. 2014); *Payne v. Wells Fargo Bank, Nat. Ass'n*, No. 3:12-cv-5219-M-BF, 2015 WL 1402321, at *7 (N.D. Tex. Mar. 26, 2015).

Here, the Deed of Trust and Note permit the recovery of "all reasonable legal fees, costs, and expenses in connection with enforcing" the Loan Agreement if the Barrs default on the Note. *See* Dkt. No. 1-1 at 11.

Because it is permitted in the relevant loan documents, WSFS is entitled to its reasonable attorneys' fees for pursuing its foreclosure claim under the Note and Deed of Trust. *See TFHSP, LLC Series 10147 v. U.S. Bank Nat'l Ass'n*, No. 3:14-cv-2589-M-BN, 2016 WL 2856006, at *4 (N.D. Tex. Apr. 18, 2016).

The Court should order WSFS to file a separate application for attorneys' fees that establishes the amount of the reasonable and necessary attorneys' fees and costs that it has incurred, with supporting evidence, based on an acceptable method for calculating attorneys' fees under Texas Civil Practice and Remedies Code § 38.001(8)

and under the Deed of Trust and the Note at issue in this case.

    V.       **The Barrs' claim of modification to the Loan Agreement is barred by the statute of frauds and does not prevent summary judgment in WSFS's favor.**

The Court should grant WSFS's Motion for Final Summary Judgment because any oral modification to the Loan Agreement is barred by the statute of frauds.

The Barrs assert that subsequent servicers rescinded certain agreements to cure the taxes default under their Loan Agreement in installments. *See* Dkt No. 28 at 10.

Under the Texas statute of frauds, a loan agreement in excess of $50,000.00 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative. *See* TEX. BUS. & COM. CODE § 26.02(b); *see also BACM 2001-1 San Felipe Rd. Ltd. P'ship v. Trafalgar Holdings I, Ltd.*, 218 S.W.3d 137, 144 (Tex. App. – Houston [14 Dist.] 2007, pet. denied) (construing repayment agreement as a new contract). "Section 26.02 defines 'loan agreement' broadly." *Bank of Tex., Nat. Ass'n v. Gaubert*, 286 S.W.3d 546, 554 (Tex. App. – Dallas 2009, pet. dism'd w.o.j.). Subject to exceptions not applicable here, a "loan agreement"

> means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or another thing of value or to otherwise extend credit or make a financial accommodation.

TEX. BUS. & COM. CODE § 26.02(a)(2).

This definition includes any promise by a financial institution to "make a financial accommodation" as a "loan agreement." *Id.* Rescinding agreements to cure defaults in installments is a form of delayed repayment and falls under the statute of frauds as a loan agreement. The "delayed repayment agreement" concerned the alteration of the Loan Agreement for $1,145,200.00 and therefore falls within the statutory requirements for the Texas statute of frauds to apply. *See* Dkt. No. 1 at 14.

And, so, any enforcement of the Barrs' agreement is barred by the statute of frauds.

**Recommendation**

The Court should grant Plaintiff's Motion for Final Summary Judgment [Dkt. No. 27] and issue an order allowing Plaintiff Wilmington Savings Fund Society, FSB to proceed with foreclosure and awarding Plaintiff Wilmington Savings Fund Society, FSB its attorneys' fees to be determined by subsequent motion practice as an additional obligation on the Note only.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED.

DATED: November 16, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE