IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY IN ITS CAPACITY AS OWNER TRUSTEE FOR CASCADE FUNDING MORTGAGE TRUST 2018-RM1, | § § § § § § § | |
| Plaintiff, | § § | Civil Action No. 3:22-cv-00735-S-BN |
| v. | § § | |
| B.B. BARR, VINIDA BARR, | § § | |
| Defendants. | § § | |

**RESPONSE TO DEFENDANTS' MOTION FOR NEW TRIAL**

Plaintiff Wilmington Savings Fund Society, FSB, not in its Individual capacity but solely as Owner Trustee for Cascade Funding Mortgage Trust 2018-RM1 ("Plaintiff" or WSFS"), files this its Response to Defendants' Motion for New Trial and Brief in Support, and respectfully states as follows:

### I.    PROCEDURAL HISTORY

1.    On May 12, 2023, Plaintiff filed its Motion for Final Summary Judgment ("MSJ") against Defendants B.B. Barr and Vinida Barr ("Defendants"). (ECF No. 27.)

2.    On May 15, 2023, the Court entered a Supplement Scheduling Order requiring Defendants to file their written response to the MSJ by June 12, 2023. (ECF No. 30.) Defendants did not file a response in opposition to the MSJ.

3.    On November 16, 2023, the United Magistrate Judge David L. Horan issued his Findings, Conclusions and Recommendation regarding Plaintiff's MSJ (the "Recommendation"). In his Recommendation, the Magistrate Judge recommended that Plaintiff's MSJ be granted.

Specifically, the Magistrate Judge concluded that Plaintiff's summary judgment was not disputed by Defendants and that the evidence showed that Plaintiff is entitled to summary judgment on its foreclosure claim. (ECF No. 32.)

4. On December 11, 2023, Defendants filed their Objections to the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Objection"). (ECF No. 33.) On December 18, 2023, Plaintiff filed its Response to Defendants' Objection and argued that Defendants' objections were generic, vague, and unsupported by the evidence. Further, Plaintiff argued that the summary judgment undisputedly showed that Plaintiff has standing to foreclose as the owner and holder of the subject Note and as beneficiary of the subject Security Instrument. (ECF No. 34.)

5. On January 11, 2024, the Court entered an Order Accepting Findings, Conclusions, and Recommendation of the United States Magistrate Judge. (ECF No. 35.) On January 12, 2024, the Court entered an Amended Judgment granting Plaintiff's MSJ and allowing it to proceed with non-judicial foreclosure on the subject Property. (ECF No. 39.)

6. On February 6, 2024, Defendants filed a Motion for New Trial and Brief in Support (the "Motion") seeking an order from the Court allowing them to file a response to the MSJ and denying it. (ECF No. 41.) In their Motion, Defendants reassert the same arguments they included in their Objection to the Recommendation. (ECF No. 33.)

7. The only "new" argument is that Defendants allegedly relied on "settlement negotiations". As further discussed below, under Rule 59(e), such an argument is insufficient for Defendants to prevail on their Motion. Further, as Defendants are aware, their request for a short sale was denied due to their failure to timely comply with the requirements for a short sale.

Plaintiff acted in good faith and allowed them several opportunities, but Defendants failed to have a buyer with the ability to close the transaction by the prescribed deadline.

## II.   ARGUMENTS AND AUTHORITIES

### A.   Applicable Standard

A motion asking the Court to reconsider a prior ruling is therefore evaluated either as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) or as a motion for relief from a final judgment, order, or proceeding under Federal Rule of Civil Procedure 60(b). *Tex. A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003).

The applicable rule depends on when the motion was filed—if the motion was filed within twenty-eight days after the entry of judgment, it is analyzed under Rule 59, and, if it was filed outside of that time, it is analyzed under Rule 60. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). Here, Defendants' Motion, through which they seek "reconsideration" of the Court's summary judgment ruling was filed on February 6, 2024, within twenty-eight (28) days of the Court's entry of judgment. Accordingly, Rule 59(e) applies here. *Mid-Am. Supply Corp. v. Truist Bank,* Civil Action No. 4:21-CV-00841, 2023 U.S. Dist. LEXIS 98424, at *3 (E.D. Tex. June 6, 2023).

Rule 59(e) serves the "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). Thus, Rule 59(e) does not provide a vehicle "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5, 128 S. Ct. 2605, 171 L. Ed. 2d 570 (2008).

Instead, to prevail on a Rule 59(e) motion, the movant must show: (1) a manifest error of law or fact; (2) an intervening change in controlling law; (3) the availability of new evidence not

previously available; or (4) that the motion is necessary to prevent manifest injustice. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). In this context, a "manifest error of law" is an error "that is plain and indisputable, and that amounts to a complete disregard for controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004). Relief under Rule 59(e) is an extraordinary remedy that should be used sparingly. *Templet*, 367 F.3d at 479.

When, as here, summary judgment has been granted, the disposed claims do not proceed to a formal trial, making a "new trial" a logical fallacy. *Burbridge v. Citimortgage, Inc.*, No. 4:19-CV-00647, 2021 U.S. Dist. LEXIS 109414, 2021 WL 2343256, at *1 (E.D. Tex. Mar. 17, 2021) ("Because no trial was held in this case, Rule 59(a) does not apply."). Because Defendants' Motion seeks reconsideration of the Court's decision to grant summary judgment in favor of Plaintiff, it should be properly construed as a motion under Rule 59(e). *Burbridge*, 2021 U.S. Dist. LEXIS 109414, 2021 WL 2343256, at *1.

Defendants' motion is merely a rehashing of unsupported legal theories already asserted by them in their Objection to the Recommendation, considered and rejected by the Court. *Mid-Am. Supply Corp. v. Truist Bank*, Civil Action No. 4:21-CV-00841, 2023 U.S. Dist. LEXIS 98424, at *5-6 (E.D. Tex. June 6, 2023).

### B. Defendant failed to satisfy the Rule 59(e) standard.

Despite being informed by the Court that their deadline to file a response to the MSJ was June 12, 2023, Defendants ignored this Court's order and did not file a response. As to Defendants' argument that they were "relying on settlement negotiations" that assertion is not correct. Plaintiff was willing to abate this matter, only upon Defendants' compliance with all of the requirements and final approval for a short sale. However, Defendants failed to timely comply with requirements and their request for a short sale was denied on August 31, 2023. As

such, Defendants were aware that their request was denied and still failed to file a response to the MSJ or to request an extension.

Defendants' Motion merely repeats the same arguments already asserted in their Objection to the Recommendation. (ECF No. 33.) Defendants argue that there are "procedural defenses to Plaintiff's claims including defects in the applications of credits and debits to the Texas Home Equity Loan at issue" and that Plaintiff allegedly "misapplied property tax debits and credits". These arguments were already considered and rejected by the Court when it accepted the Recommendation and entered final judgment. (ECF Nos. 33, 34, 35.) *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (Rule 59 cannot be used to raise arguments which could, and should, have been made before the judgment was issued.).

Without establishing manifest error of law or fact, newly discovered evidence, or an intervening change in controlling law, Defendants' Motion with recycled legal arguments that were already considered and rejected, cannot stand as basis for a new trial or alteration of the judgment. *Darbey v. Nurnberg*, Civil Action No. 3:20-CV-01329-E, 2023 U.S. Dist. LEXIS 14051 at *11 (N.D. Tex. Jan. 27, 2023) (denying plaintiff's motion for new trial because it only rehashed old arguments).

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests that the Court enters an order denying Defendants' Motion for New Trial and Brief in Support. Plaintiff further requests any other relief, whether at law or in equity, to which it is justly entitled.

Respectfully submitted,

By: */s/ Vivian N. Lopez*
   **MARK D. CRONENWETT**
   Texas Bar No. 00787303
   mcronenwett@mwzmlaw.com

   **VIVIAN N. LOPEZ**
   Texas Bar No. 24129029
   vlopez@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2024, a true and correct copy of the foregoing document was delivered to the following parties in the manner described below:

*Via Regular U.S. Mail*
B.B. Barr
6638 Williamson Road
Dallas, Texas 75214
tlc@airmail.net
*Pro Se Defendant*

*Via Regular U.S. Mail*
Vinida Barr
6638 Williamson Road
Dallas, Texas 75214
tlc@airmail.net
*Pro Se Defendant*

   */s/ Vivian N. Lopez*
   **VIVIAN N. LOPEZ**