IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY IN ITS CAPACITY AS OWNER TRUSTEE FOR CASCADE FUNDING MORTGAGE TRUST 2018-RM1, <br><br> Plaintiff, <br><br> V. <br><br> B.B. BARR and VINIDA BARR, <br><br> Defendants. | § § § § § § § § § § § § § § § § § |

No. 3:22-cv-735-S-BN

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer. *See* Dkt. No. 4.

Wilmington Savings Fund Society, FSB, not in its Individual capacity but solely as Owner Trustee for Cascade Funding Mortgage Trust 2018-RM1 ("WSFS") has filed a Motion for Attorneys' Fees, *see* Dkt. No. 40. Defendants B.B. Barr and Vinida Barr ("the Barrs") did not file a response.

Defendants filed a Motion for New Trial [Dkt. No. 41], and WSFS filed a response [Dkt. No. 42]. Defendants did not file a reply.

The Court should grant in part and deny in part WSFS's Motion for Attorneys' Fees [Dkt. No. 40] and deny the Barr's Motion for New Trial [Dkt. No. 41].

-1-

## Background

This case concerns the loan servicing and attempted foreclosure of the Barr's property in Dallas, Texas (the "Property"). Barr executed a note (the "Note") payable to Financial Freedom Senior Funding Corporation, a subsidiary of IndyMac Bank, F.S.B. ("Financial Freedom") on or about June 27, 2008. *See* Dkt. No. 1 at 3. The Note was also signed by Vinida Barr in her capacity as non-borrower spouse. *See id.* at 4. The Barrs executed a deed of trust ("the Deed of Trust") the same day. *See id.* The Deed of Trust gave Financial Freedom a security interest in the property. *See id.*

Financial Freedom assigned and transferred the Note and the Deed of Trust (collectively the "Loan Agreement") to Mortgage Electronic Registration Systems, Inc. ("MERS"). *See* Dkt. No. 1-1 at 49. MERS then assigned and transferred the Loan Agreement to Onewest Bank, N.A. ("Onewest") on September 3, 2014. *See id.* at 52. Onewest then assigned and transferred the Loan Agreement to WSFS on June 19, 2018. *See id.* at 55. PHH Mortgage Services Corporation is the servicer of the loan agreement. *See* Dkt. No. 28 at 4.

The Barrs subsequently defaulted on the Loan Agreement by failing or refusing to pay the outstanding balance of insurance on the Property. *See id.* at 5.

On July 14, 2021, WSFS sent the Barrs a notice of default, informing the parties that the loan was in default and that they would accelerate the loan if the default was not cured. *See id.* Counsel for WSFS sent the Barrs a notice of acceleration on August 20, 2021. *See id.*

To enforce foreclosure on the Property, WSFS filed suit in federal court. *See id.* at 2. WSFS then filed a Motion for Final Summary Judgment, which the Barrs did not respond to. *See* Dkt. No. 27. The undersigned magistrate judge issued a recommendation to grant the Motion for Summary Judgment [Dkt. No. 27], which the Court adopted over the Barr's objections. *See* Dkt. No. 32; Dkt. No. 35.

The Court issued a judgment, *see* Dkt. No. 36, and then Amended Judgment, *see* Dkt. No. 39, granting the Motion for Summary Judgment and ordering that Plaintiff was authorized to foreclose on the property. *See* Dkt. No. 39.

WSFS then filed this Motion for Attorneys' Fees. *See* Dkt. No. 40.

The Barrs also filed a Motion for New Trial under Fed. R. Civ. P. 59 within 28 days post of the amended judgment [Dkt. No. 39]. *See* Dkt. No. 41.

The undersigned will address both motions together.

## Legal Standards and Analysis

I. <u>Motion for Attorneys' Fees</u>

"This Court uses the 'lodestar' method to calculate attorney's fees." *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999); *see also Serna v. Law Office of Joseph Onwuteaka, P.C.*, 614 F. App'x 146, 157 (5th Cir. 2015) (applying lodestar method to claims under the FDCPA). The lodestar is calculated by multiplying the number of hours that an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). The parties seeking reimbursement of attorneys' fees bear the burden of establishing the

number of hours expended through the presentation of adequately recorded time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See id.* The hours remaining are those reasonably expended.

There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010). "However, after calculating the lodestar, a district court may enhance or decrease the amount of attorney's fees based on the relative weights of the twelve factors set forth in [*Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974)]." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins*, 7 F.3d at 457.

WSFS requests attorneys' fees under Texas Civil Practice Remedies Code § 38.001(a)(8). *See* Dkt. No. 40 at 2. WSFS supports its motion with the declaration of one of its representing attorneys Mark D. Cronenwett and billing invoices. *See* Dkt. No. 40-1, Ex. A. & Ex. B.

The Federal Rules of Civil Procedure require that, "[u]nless a statute or court order provides otherwise, the motion" for attorney's fees must "be filed no later than 14 days after entry of judgment[.]" FED. R. CIV. P. 54(d)(2)(B)(i).

The Court entered the amended judgment on January 12, 2024, and did not specify a timeframe for filing the motion for attorneys' fees. [Dkt. No. 39]. Because no local rule or order specified a different timeframe, WSFS was required to file its

motion within 14 days after judgment was entered. *See CSMG Techs., Inc. v. Allison*, No. 4:07-CV-0715, 2009 WL 2242351, at *3 (S.D. Tex. July 24, 2009) (applying 54(d)(2) to a motion for attorneys fees under Texas Civil Practice Remedies Code § 38.001).

WSFS filed its motion for attorneys' fees 19 days after the Court entered judgment. *See* Dkt. No. 40. The motion does not state why it was filed late.

And, so, the undersigned finds that WSFS has waived its claim for attorneys' fees. *See United Indus., Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 766 (5th Cir. 1996) ("It is undisputed that United did not file a motion for attorneys' fees within fourteen days of entry of judgment as required by Rule 54(d). This failure to file within the allotted period serves as a waiver of its claim for attorneys' fees.").

But, if the Court were to find the motion timely, and grant attorneys' fees, WSFS seeks recovery of $13,067.00 in attorneys' fees and costs. *See* Dkt. No. 40 at 2.

WSFS supports its calculation of attorneys' fees with the declaration of one of its representing attorneys Mark D. Cronenwett and billing invoices. *See* Dkt. No. 40-1, Ex. A. & Ex. B.

WSFS does not state the total number of hours worked, but the undersigned calculates from the invoices attached to Mr. Cronenwett's declaration that WSFS was billed for 56.4 hours of attorney work at an hourly rate of $175.00 and 27.2 hours of paralegal work at an hourly rate of $95.00, totaling to $12,454.00 billed for time. *See id.*; Dkt. No. 40-1., Ex. A & Ex. B. The entries on the billing invoices include narratives of the work performed.

Considering Mr. Cronenwett's experience and the local market rates, the undersigned finds that the requested hourly rates of $175 for attorney work and $95 for paralegal work are reasonable. Mr. Cronenwett states in his declaration that he is the managing attorney for the litigation department of the law firm of Mackie Wolf Zientz & Mann, P.C., which represents WSFS in this case and that the attorneys working on this case are experienced in areas of business, real estate, and commercial litigation practice. He states that the "sum of $13,067.00 are reasonable attorneys' fees for prosecuting WSFS's claims" based on his "knowledge and experience with similar litigation in the state and federal courts in Texas." Dkt. No. 40-1 at 3.

Based on the motion and the supporting documents, the undersigned finds the appropriate lodestar here to be calculated as 56.4 hours for work performed by attorneys at $175 an hour for a total of $9,870 and 27.2 hours for work performed by paralegals at $95 an hour for a total of $2,584.

WSFS does not seek an enhancement of the attorneys' fees, and there are no other exceptional circumstances. The undersigned has considered the *Johnson* factors and finds that none of them weigh in favor of modifying the lodestar.

WSFS also requests $613.00 in costs – $402.00 for filing costs for the original complaint and $211.00 for process server costs. *See* Dkt. No. 40-1, Ex. B. The Court's amended judgment provides that "[c]osts of court, recoverable under Federal Rule of Civil Procedure 54(d)(1), shall be taxed against Defendants B.B. Barr and Vinida Barr." Dkt. No. 39 at 2.

28 U.S.C. § 1920 provides an enumerated list of items that a court may tax as costs including: fees of the clerk; fees of the court reporter; fees for printing and witnesses; fees for copies necessary for use in the case; docket fees; and compensation for court appointed experts. *See* 28 U.S.C. § 1920. The United States Supreme Court has ruled that, where an expense is not enumerated in Section 1920, it may be awarded only when explicit statutory authorization to do so can be found in other governing law. *See Mota v. The Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001) (citing *Crawford Fitting Co. v. J. T. Gibbons Inc.*, 482 U.S. 437, 444-45 (1987)). And the Supreme Court has held that the term "costs" as used in Federal Rule of Civil Procedure 54(d) is defined by Section 1920. *See Crawford Fitting*, 482 U.S. at 441-42.

Payment for private process servers is not included in the enumerated list. *See* 28 U.S.C. § 1920; *see also Marmillion v. Am. Intern. Ins. Co.*, 381 F. App'x 421, 431 (5th Cir. 2010) (in the Fifth Circuit, "absent exceptional circumstances, the costs of a private process server are not recoverable under Section 1920").

But WSFS may recover its "filing costs for original complaint" of $402.00 under Fed. R. Civ. P. 54(d)(1). *See Hernandez v. Aleman Const., Inc.*, No. 3:10-CV-2229-BN, 2013 WL 5873289, at *7 (N.D. Tex. Nov. 1, 2013) ("Plaintiff may recover costs for its filing fee, witness fees, court reporting/transcripts for depositions, necessary copying costs, and interpreting services. *See* 28 U.S.C. § 1920.").

The Court should deny WSFS's Motion for Attorneys' Fees [Dkt. No. 40] as untimely. But, if the Court grants WSFS's Motion for Attorneys' Fees, it should WSFS

$402.00 in recoverable costs and $12,454.00 in attorneys' fees for a total award of $12,856.00.

   II.   Motion for New Trial

Where a litigant requests that a district court reexamine a prior ruling that adjudicates all the claims among all the parties, such a motion filed "within twenty-eight days after the entry of the judgment … is treated as though it was filed under [Federal Rule of Civil Procedure] 59." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) (citation omitted); *see also Washington v. UTMB*, No. 20-20434, 2022 WL 2527665, at *1 (5th Cir. July 7, 2022) (per curiam) ("Regardless of how it is labeled or classified, a motion seeking reconsideration is treated as a Federal Rule of Civil Procedure 59(e) motion if it is filed within the applicable 28-day time limit." (citing FED. R. CIV. P. 59(e); *Mangieri v. Clifton*, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994))).

A Rule 59(e) motion timely filed, within 28 days of judgment, "'suspends the finality of the original judgment' for purposes of an appeal." *Banister v. Davis*, 590 U.S. 504, 508 (2020) (quoting *FCC v. League of Women Voters of Cal.*, 468 U.S. 364, 373, n.10 (1984)).

So, on the timely filing of an initial Rule 59(e) motion, "there is no longer a final judgment to appeal from," and a district court must rule on such a motion to "restore the finality of the original judgment" and "start the 30-day appeal clock," *id.* (cleaned up), even where a litigant files that motion after noticing an appeal, *see* FED. R. APP. P. 4(a)(4)(B)(i); FED. R. APP. P. 4(a)(4)(A); *compare Washington*, 2022 WL

2527665, at *1 ("Under Federal Rule of Appellate Procedure 4, the filing of a timely Rule 59(e) motion renders a notice of appeal ineffective until an order is entered disposing of the post-judgment motion. Because Washington filed objections to the district court's dismissal of his § 1983 complaint within 28 days of the entry of final judgment, those objections are properly construed as a Rule 59(e) motion. The district court has not yet ruled on Washington's Rule 59(e) motion; therefore, his notice of appeal is not yet effective, and this appeal is premature." (citations omitted)), *with Wilmington Savs. Fund Soc'y, FSB v. Myers*, 95 F.4th 981, 982 (5th Cir. 2024) (per curiam) ("Successive motions under Rule 59(e), however, 'will not indefinitely toll the prescribed period for filing a notice of appeal.' As one of our sister circuits put it, 'A party may not continue to file Rule 59(e) motions in order to forestall the time for appealing; only the first motion stops the clock.'" (citations omitted)).

Rule 59(e) "is 'an extraordinary remedy that should be used sparingly.'" *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (citation omitted). And, while its text "does not specify the available grounds for obtaining such relief," the United States Court of Appeals for the Fifth Circuit

> has explained that Rule 59(e) motions "are for the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence" – not for raising arguments "which could, and should, have been made before the judgment issued." [The Fifth Circuit has] further noted that Rule 59(e) allows a party to alter or amend a judgment when there has been an intervening change in the controlling law.

*Id.* (citations omitted); *accord Demahy*, 702 F.3d at 182.

Although the Barrs titled their motion "Motion for a New Trial," it is appropriately a Rule 59(e) motion.

-9-

> As Rule 59(a) makes clear, a motion for new trial is appropriate when the case has been tried to a jury or to the court. The court disposed of this case on motion for summary judgment. *See Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 n. 1 (5th Cir. 1996) ("The Patins' reconsideration motion was styled as a motion for new trial, pursuant to Fed. R. Civ. P. 59(a), but was correctly analyzed and decided in the district court as a Rule 59(e) motion to reconsider entry of summary judgment.").

*Artemis Seafood, Inc. v. Butcher's Choice, Inc.*, No. 3:98-CV-0282-D, 1999 WL 1032798, at *1 (N.D. Tex. Nov. 10, 1999).

The Barrs argue that they did not reply to the motion to summary judgment because they were relying on settlement negotiations that "were cancelled by Plaintiff," and so request the Court extend the deadline for them to respond to the Motion for Summary Judgment. Dkt. No. 41 at 4. They also argue that they have "now found an investor whose offer Defendants acknowledge and agreed to review, perform required research and respond to with a detailed reply." *Id.*

The Barrs also state that they have defenses to the Plaintiff's claims, including "defects in the applications of credits and debits to the Texas Home Equity Loan[,]" and that the "Plaintiff and/or its predecessors in ownership and loan servicing[] misapplied property tax debits and credits[,] made misstatements regarding those applications, and otherwise failed to follow Texas Home Equity Lending, and Federal Regulations." *Id.*

To the Barr's argument that they did not respond to the Motion for Summary Judgment due to reliance on settlement negotiations, the Court should "not consider this to be good cause to reconsider the grant of summary judgment as Defendants could have sought leave from the court to file their response out of time." *Mae v. AFS-*

*TX Real Est. LLC*, No. CIV.A. H-10-999, 2011 WL 5026221, at *2 (S.D. Tex. Oct. 21, 2011) (considering whether a Rule 59(e) motion should be granted because defendants did not respond to the motion for summary judgment in a belief that the "parties were actively working towards a settlement").

To the Barr's argument that they have defenses to WSFS's claims, these are similar claims to arguments raised in their objection. The Court already considered the Barr's arguments that "[there are disputes regarding default, [and] adequacy of Notice of Intent" and "the payment history is facially inconsistent with the facts" and still entered judgment. *Garcia v. Delta Companies*, No. 3:20-cv-3194-X-BH, 2023 WL 7752310, at *2 (N.D. Tex. Sept. 18, 2023), *rep. & rec. adopted*, 2023 WL 7706698 (N.D. Tex. Nov. 14, 2023) ("Rehashing evidence, legal theories, or arguments that were raised before the entry of judgment is insufficient to show entitlement to relief under Rule 59(e).").

But, even if the Barr's defenses were not previously considered, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued" on a Rule 59(e) motion. *Banister v. Davis*, 590 U.S. 504, 508 (2020).

As discussed above, Rule 59(e) motions "are for the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence" *Rollins*, 8 F.4th at 396. And the Barr's motion neither "correct[s] manifest errors of law or fact" or "present[s] newly discovered evidence." *Id.*

And, so, the Court should deny the Motion for New Trial [Dkt. No. 41].

## Recommendation

The Court should deny the Motion for Attorneys' Fees [Dkt. No. 40] and deny the Motion for New Trial [Dkt. No. 41].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 8, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE